IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ENRIQUE MUNIZ CALZADO,<br><br>Defendant. | **8:24CR111**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on defendant Enrique Muniz Calzado's ("Muniz Calzado") *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 59). The Court has reviewed the record in this case and concludes the motion should be denied. Because the record conclusively demonstrates Muniz Calzado is not entitled to relief, no evidentiary hearing is necessary. *See* 28 U.S.C. § 2255(b).

## I. BACKGROUND

On March 23, 2024, United States Drug Enforcement Administration ("DEA") agents working at the United Parcel Service ("UPS") terminal at Eppley Airfield in Omaha, Nebraska, intercepted a suspicious package from Arizona addressed to "KiKo Guillen." Because the sender and recipient names did not match any addresses in Arizona or Nebraska, the agents obtained a search warrant and discovered 2,324 grams of methamphetamine.

Two days later, the Nebraska State Patrol helped deliver the package to 4008 E 28th Street in Columbus, Nebraska, placing it on the porch. After a resident brought the package inside, officers executed a search warrant on the home and found the package on the kitchen table.

A female occupant explained that she had brought the package inside. Noticing the package was from Arizona, she assumed it belonged to Muniz Calzado—an Arizona resident staying in the back bedroom who was home at the time.

Officers escorted Muniz Calzado to their vehicle and read him his *Miranda* rights. *See Miranda v. Arizona*, 384 U.S. 436, 444-45 (1966). After waiving those rights, Muniz Calzado denied owning the package. When officers showed him a phone seized from his bedroom, he consented to a search. Inside the phone, officers found a message containing a picture of the package's tracking number and another message telling Muniz Calzado that the "ticket" was under the name "Kiko Guillen."

On June 10, 2024, a grand jury indicted Muniz Calzado on one count of knowingly and intentionally possessing with intent to distribute 500 grams or more of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). He was arrested on June 17, 2024, and the magistrate judge appointed then-Assistant Federal Public Defender Julie B. Hansen ("Julie") to represent him.

On March 14, 2025, Muniz Calzado pleaded guilty, and the Court accepted his guilty plea (Filing Nos. 28, 30, 31). After the change-of-plea hearing but before sentencing, Assistant Federal Public Defender Michael J. Hansen ("Michael") was substituted as counsel for Muniz Calzado because Julie no longer worked with the Federal Public Defender's Office (Filing No. 35). At sentencing, the Court granted Muniz Calzado's motion for downward variance (Filing No. 41) and sentenced him to 52 months in prison to be followed by 3 years of supervised release rather than the ten-year statutory mandatory minimum of ten years (Filing No. 52). *See* 18 U.S.C. § 841(b). Judgment was entered on July 21, 2025 (Filing No. 57).

Muniz Calzado timely filed the present § 2255 motion on March 3, 2026. *See* 28 U.S.C. § 2255(f) (generally giving a movant one year from the date of their "judgment of conviction" to file a § 2255 motion).

## II. DISCUSSION

### A. Standard of Review

Section 2255 is not a catch-all remedy for "all claimed errors in conviction and sentencing." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). Instead, relief is limited to those cases in which "the sentence was imposed in violation of the Constitution or laws of the United States, or the court was without jurisdiction to impose such sentence, or the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 18 U.S.C. § 2255(a).

"The movant bears the burden of showing that he is entitled to relief under § 2255." *Walker v. United States*, 900 F.3d 1012, 1015 (8th Cir. 2018). And the Court can dismiss the motion without a hearing if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003) (citation and internal quotation marks omitted).

### B. Alleged Ineffective Assistance of Counsel

Muniz Calzado raises four grounds for relief, all related to ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "A defendant 'faces a heavy burden' to establish ineffective assistance of counsel pursuant to section 2255." *Deroo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)). To prevail on his claims, Muniz Calzado must show "(1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense." *Guzman-Ortiz v. United States*, 849 F.3d 708, 713 (8th Cir. 2017).

Counsel's performance is deficient if it falls "below an objective standard of reasonableness" such that counsel was not "functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. The Court's review of counsel's performance is highly deferential; it applies "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

Then to prove prejudice, Muniz Calzado "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In the plea context, this requires Muniz Calzado to demonstrate "a reasonable probability" "that he would not have pleaded guilty and would have insisted on going to trial." *Meza-Lopez v. United States*, 929 F.3d 1041, 1044 (8th Cir. 2019) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). "Courts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, 582 U.S. 357, 369 (2017). "When there is overwhelming evidence of guilt presented, it may be impossible to demonstrate prejudice." *Christenson v. Ault*, 598 F.3d 990, 997 (8th Cir. 2010) (citing *Strickland*, 466 U.S. at 700).

### 1. Inadequate Investigation

Muniz Calzado asserts his first counsel was ineffective because she failed to investigate (1) "exculpatory witness statements, which would have corroborated [his] alibi" and (2) "documentary evidence[ ] demonstrating [his] innocence. To that end, he claims Julie also failed "to hire an investigator upon [his] request."

Setting aside the fact that Muniz Calzado told the Court at his change-of-plea hearing that he had no complaint about Julie or her legal representation, his unsupported assertion that Julie failed to investigate his unspecified "alibi" is inherently incredible. *Sanders*, 341 F.3d at 722. Muniz Calzado was charged with intentionally possessing with intent to distribute a Schedule II substance. Arguing that he was not at the "scene of the

crime" makes little sense in this case and does nothing to overcome the phone evidence tying him to the package.

The allegation that Julie was ineffective because she failed to hire an investigator or call unnamed witnesses likewise fails. Muniz Calzado discloses no exculpatory facts that would have been discovered by an investigator. *See Payne v. United States*, 78 F.3d 343, 348 (8th Cir. 1996) (rejecting an ineffective-assistance claim where because the defendant failed to establish that interviewing witnesses would have changed the outcome); *see also United States v. Vazquez-Garcia*, 211 Fed. App'x 544, 545 (8th Cir. 2007) (unpublished) (concluding that failing to interview a potential witness did not constitute ineffective assistance of counsel and affirming the district court's denial of a § 2255 motion without an evidentiary hearing). Even if the Court assumes "that counsel's failure to interview" corroborating witnesses "did not meet an objective standard of conduct, [Muniz Calzado] still needs to 'make a substantial showing that, but for counsel's failure to interview . . . the witness[ ] in question, there is a reasonable probability" that he would not have pleaded guilty. *Vasquez-Garcia*, 211 Fed. App'x at 546 (quoting *Kramer v. Kemna*, 21 F.3d 305, 309 (8th Cir. 1994)). Muniz Calzado has not made that showing.

He has not provided any evidence as to who Julie should have interviewed or what they could have testified to. *See id.*; *see also Sanders v. Trickey*, 875 F.2d 205, 210 (8th Cir. 1989) (holding that a defendant's § 2255 motion failed to show prejudice because he offered only speculation that the witness in question might have testified he was innocent, which was inadequate to overcome *Strickland*'s high bar). "Failure to discover a particular piece of marginally helpful information does not render legal representation constitutionally deficient." *Ford v. United States*, 917 F.3d 1015, 1022 (8th Cir. 2019). Applying *Strickland*'s highly deferential standards here, the Court finds Muniz Calzado has not met his burden of showing deficiency, let alone that his counsel's alleged errors altered the outcome of his case. *See Strickland*, 466 U.S. at 694.

### 2. Denial of Right to Counsel of Choice

In Muniz Calzado's second ineffective-assistance-of-counsel claim, he argues substituting Michael for Julie before his sentencing hearing "deprived [him] of chosen counsel" and "impacted [his] ability to prepare a defense."

Again, Muniz Calzado fails to explain how the substitution of court-appointed counsel prejudiced him in any way. As the government aptly points out, Muniz Calzado "was appointed a highly competent attorney for sentencing, who successfully advocated for a role reduction and further variance from the guidelines." Furthermore, "the right to counsel of choice does not extend to defendants who require counsel to be appointed for them." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006).

Muniz Calzado also alleges he was "left without legal representation during critical plea negotiations." This allegation is "contradicted by the record." *Sanders*, 341 F.3d at 722. Muniz Calzado has been represented by counsel at all critical stages of this case (Filing Nos. 11, 12). There was no gap in representation between Julie's departure and Michael's entry of appearance. And Muniz Calzado testified under oath that Julie explained all the plea-agreement and change-of-plea documents to him. He also testified that an interpreter translated those documents to him and that he understood them.

### 3. Invalid Plea

In grounds three and four, he alleges he "expressed a desire to go to trial to challenge the charges," but that Julie "urged [ ] a guilty plea, with the promise to go to a camp." He asserts he felt "pressured to plead guilty" because Julie advised him his "case is a trap" and he would likely receive a harsh sentence if he went to trial. In his view, this means his decision to plead guilty was not knowing or voluntary.

This claim is again contradicted by the record. Before accepting Muniz Calzado's guilty plea, the Court thoroughly discussed with him his counsel's performance, his understanding of the charges against him, the admitted factual basis for his guilty plea, the

rights he was voluntarily giving up by pleading guilty, and the penalties he faced, including the ten-year statutory mandatory minimum and the statutory maximum of life imprisonment. *See* 18 U.S.C. § 841(b). He knowingly and voluntarily stated he understood what he was giving up. He disclaimed having "any complaints about [his counsel] or her legal representation" and stated she answered all of his questions about his plea agreement. When asked whether "anyone made any threats or promises to get" him to plead guilty, he said, "No." He pleaded guilty under his "own free will." His "representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). He fails to overcome that barrier.

#### 4. Breach of Attorney-Client Privilege

Finally, Muniz Calzado claims his first counsel "leak[ed] confidential information about [his] potential defenses to prosecutors." This claim is without any basis. To the extent Julie discussed his case with prosecutors, that was her job—especially as she was trying to negotiate his plea agreement. *See Lee*, 582 U.S. at 363 (noting the Sixth Amendment guarantees a defendant the effective assistance of counsel at "'critical stages of a criminal proceeding,' including when he enters a guilty plea" (quoting *Lafler v. Cooper*, 566 U.S. 156, 165 (2012))). Even assuming Julie's representation of Muniz Calzado "fell below an objective standard of reasonableness," he has not shown that he was prejudiced as a result given the strong evidence of his guilt. *Strickland*, 466 U.S. at 688.

### C. No Certificate of Appealability

Before an applicant can appeal the denial of a § 2255 motion, he must first obtain a certificate of appealability from the district court. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant makes a substantial showing "by demonstrating that jurists of reason could

disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. Muniz Calzado has not made such a showing, and the Court will not issue a certificate of appealability. Accordingly,

IT IS ORDERED:

1. Enrique Muniz Calzado's *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Filing No. 59) is denied.
2. No certificate of appealability will issue.
3. A separate judgment will be entered in accordance with this Memorandum and Order.
4. The Clerk of the Court shall mail a copy of this Memorandum and Order and the Judgment to Enrique Muniz Calzado at the address of record for his current place of incarceration.

Dated this 31st day of July 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge